UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:07-CV-424-KKC

HENRY W. HALL,                                                                    PETITIONER,

V.                                      **OPINION AND ORDER**

THOMAS SIMPSON, Warden, et al.,                                      RESPONDENTS.

**** **** **** ****

This matter is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by the Petitioner.  Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed a Recommended Disposition on August 12, 2008 (Rec. No. 13). Based on a review of the record and the applicable case law, the Magistrate Judge recommended that Petitioner's petition for writ of habeas corpus be denied and dismissed.

On September 18, 2008, Petitioner filed objections (Rec. No. 16) to the Magistrate Judge's Recommended Disposition. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Recommended Disposition to which objection is made. 28 U.S.C. § 636(b)(1)(C).

In 1983, the Petitioner received a 20-year sentence for a Kentucky state conviction but was released on parole in 1987.  While on parol, he was convicted of a federal crime for which he served 15 years in a federal prison.  In 2004, he was returned to state custody and the Kentucky parole board formally revoked his parol and ordered him to serve the remainder of his term for the original state conviction.  The Petitioner argues that he is entitled to receive credit toward his state sentence for the time he served on the federal conviction.

In his Objections, the Petitioner objects to the Magistrate Judge's interpretation of the following Kentucky statute:

> Recommitment of a parolee to prison on a new sentence received for commission of a crime while on parole shall automatically terminate his parole status on any sentence on which he has not received a final discharge, or a restoration of civil rights, prior to the date of recommitment. The prisoner shall, at the time of the recommitment on the new sentence, begin to accrue additional time credit toward conditional release or expiration of sentence on the sentence on which he had previously been paroled unless he has been finally discharged from parole on the sentence or has been restored to civil rights prior to the date of the recommitment.

KRS § 439.352.

The issue in this case is whether the term "recommitment" in the statute includes recommitment in a federal or foreign jurisdiction. After reviewing relevant Kentucky case law, the Magistrate Judge determined that KRS § 439.352.does not apply if "recommitment" on a "new sentence" is in a jurisdiction other than Kentucky and the other jurisdiction maintains custody over the Kentucky parolee. Accordingly, the Magistrate Judge rejected the Petitioner's claim that he should receive credit toward his original state sentence for the time he served on the federal conviction.

The Magistrate Judge noted that no Kentucky court had expressly defined the term "recommitment" and that the statute did not compel the conclusion reached in the Recommended Disposition but that the interpretation was permissible and reasonable. In his objections, the Petitioner does not cite any authority that contradicts the Magistrate Judge's determination and this Court has located none. Further, this Court agrees with the Magistrate Judge's analysis regarding the case law on this matter.

Accordingly, this Court hereby adopts the Magistrate Judge's Recommended Disposition

with one exception.  The Magistrate Judge recommended that this Court refuse to certify any issues for appeal if the Petitioner should request it.  Because there is no case law directly on point, the Court finds that the conclusions in the Recommended Disposition are fairly debatable. Accordingly, if the Petitioner should request a Certificate of Appealability, this Court finds it should issue.

For these reasons, the Court HEREBY ORDERS as follows:

(1)    the Magistrate Judge's Recommended Disposition (Rec. No. 16) is hereby MODIFIED to reflect that a Certificate of Appealability should issue if the Petitioner requests it;

(2)    the Recommended Disposition (Rec. No. 16) is otherwise ADOPTED as and for the opinion of the Court;

(3)    Petitioner's objections to the Magistrate Judge's Recommended Disposition (Rec. No. 16)  are OVERRULED;

(4)    the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby DENIED and DISMISSED;  and

(5)    Judgment will be entered contemporaneously with this opinion and order in favor of Respondents.

Dated this 29th day of September, 2008.



**Signed By:**

**_Karen K. Caldwell_** *KKC*

**United States District Judge**